**Zurama Noemi HERNANDEZ–ARANGO, Petitioner,**

v.

**John ASHCROFT, Attorney**

---

\* John Ashcroft is the proper respondent. The clerk shall amend the docket to reflect the above caption.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

General,* Respondent.

No. 02–71869.

Agency No. A92–396–769.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 17, 2004.**

Decided Feb. 26, 2004.

Zurama Noemi Hernandez–Arango, pro se, San Pedro, CA, for Petitioner.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Donald E. Keener, Francis W. Fraser, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before FERNANDEZ, W. FLETCHER and TALLMAN, Circuit Judges.

MEMORANDUM***

Zurama Noemi Hernandez–Arango, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' summary affirmance of the Immigration Judge's order that she be excluded and deported. Because the transitional rules apply, *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We review de novo, *Jimenez–Angeles v.*

*Ashcroft*, 291 F.3d 594, 599 (9th Cir.2002), and we deny the petition for review.

Hernandez–Arango's sole contention in her petition for review is that her equal protection rights were violated because she was placed in removal rather than deportation proceedings, thus disabling her from applying for suspension of deportation. This contention is factually incorrect because Hernandez–Arango was placed in exclusion proceedings, not removal proceedings. To the extent this contention can be liberally construed as an equal protection challenge to Hernandez–Arango's placement in exclusion rather than deportation proceedings, it lacks merit because distinctions between excludable and deportable aliens do not violate equal protection or due process. *See Landon v. Plasencia*, 459 U.S. 21, 25–27, 103 S.Ct. 321, 74 L.Ed.2d 21 (1982); *Ram v. INS*, 243 F.3d 510, 517 (9th Cir.2001) (legislative classifications in the context of immigration satisfy equal protection if they are rationally related to a legitimate government purpose).

**PETITION FOR REVIEW DENIED.**

---

* John Ashcroft is the proper respondent. The clerk shall amend the docket to reflect the above caption.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.